[Cite as *In re T.J.*, 2016-Ohio-5394.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: T-M.J.
      T.J.
      T.W.

C.A. No.        28111

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 14-07-467
                      DN 14-07-468
                      DN 14-07-469

DECISION AND JOURNAL ENTRY

Dated: August 17, 2016

HENSAL, Judge.

{¶1}    Appellant, DeAndrea J. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed her minor children in the legal custody of relatives.  For the following reasons, this Court affirms.

I.

{¶2}    Mother has three biological children, T.W. (born July 10, 2008), T.J.-W. (born February 10, 2011), and T.J. (born July 9, 2012).  In July 2014, Mother and her brother got into a physical altercation in the presence of her children.  Police arrived and arrested Mother for domestic violence and menacing, and CSB obtained temporary custody of all three children.  CSB placed the children with their maternal grandmother until her death in May 2015.  Following their grandmother's death, the children were placed separately with three maternal aunts.

**{¶3}** With the original goal of reunification, Mother's case plan objectives required her to obtain appropriate housing, engage in mental health counseling, attend anger management, and submit urine screens at CSB's request. At the custody hearing, the CSB social worker testified that Mother made minimal progress with respect to obtaining housing. While Mother did attend three mental health counseling sessions at Northeast Ohio Behavioral Health, her appointments were later cancelled due to her failure to attend several scheduled appointments. Mother later attended counseling sessions at Greenleaf, but, despite her counselor's suggestion, Mother did not undergo a psychiatric assessment. With respect to anger management, Mother did complete the required courses, but told the guardian ad litem that they were a waste of time and insisted that she did not have anger issues. Lastly, regarding the urine screens, the CSB social worker testified that Mother did not provide weekly screens as requested.

**{¶4}** In June 2015, CSB moved to have the children placed in the legal custody of their maternal aunts. Mother also moved for legal custody of all three children, and T.J.'s father moved to have T.J. placed in the legal custody of his mother. The magistrate held a hearing on the motions and issued a decision awarding legal custody of T.J.-W. and T.W. to their maternal aunts, and legal custody of T.J. to her paternal grandmother. The trial court adopted that magistrate's decision, and this appeal followed. Mother now raises two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

> THE TRIAL COURT'S DECISION TO GRANT THE STATE'S MOTION FOR LEGAL CUSTODY IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} In her first assignment of error, Mother argues that the State failed to present clear and convincing evidence to establish that it was not in the children's best interest to grant her motion for a six-month extension. This Court, however, need not address the merits of Mother's argument because she did not raise this issue in her objections to the magistrate's decision.[1] *See Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6 ("This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal."). Instead, she argued below that placing the children in the legal custody of different relatives was not in their best interests, and that she should have been awarded legal custody. She made no mention of a six-month extension, or the magistrate's failure to grant same. Accordingly, Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

> THIS MATTER MUST BE REMANDED TO THE TRIAL COURT BECAUSE THE TRIAL COURT FAILED TO PROPERLY ADDRESS THE ISSUE OF VISITATION.

{¶6} In her second assignment of error, Mother argues that the trial court's visitation order is unreasonable because it requires visitation to be arranged between Mother and her sisters, with whom she does not communicate well, if at all. We note that Mother has not argued that the visitation order as it relates to T.J., who is in the legal custody of her paternal grandmother, is unreasonable.

---

[1] Although the language of her assignment of error indicates that she is challenging the trial court's award of legal custody as being against the manifest weight of the evidence, the substance of her argument focuses on the six-month extension. In this regard, Mother's merit brief states: "[T]he state failed to produce sufficient evidence to warrant the trial court's finding in favor of their Motion for Permanent Custody. Specifically, the state did not present clear and convincing evidence to show that it was not in the children's best interest to grant Mother's Motion for a Six-Month Extension."

{¶7}    This Court reviews a trial court's visitation order for an abuse of discretion. *In re L.W.*, 9th Dist. Summit Nos. 24855, 24856, 2010-Ohio-1172, ¶ 21.  While the record indicates that Mother has a strained relationship with her sisters, the sisters testified that they would facilitate visitation with Mother.  Indeed, one of her sisters testified that they "will just have to * * * overlook a lot of the unnecessary stuff * * *" and stay focused on the children because it is important for the children to see their parents.  Additionally, Mother's sisters testified that they were amenable to a set visitation schedule, which would alleviate some of the communication concerns.

{¶8}    Our review of the trial court's order indicates that the trial court addressed the potential communication issues between Mother and her sisters.  Specifically, while the order does indicate that Mother shall have four hours of visitation with T.J.-W. and T.W. "as arranged" by the parties, it also provides that "[i]f the parties are unable to agree to a visitation schedule, Mother shall have visitation * * * every Sunday from 12:00 p.m. until 4:00 p.m."  The order further provides that any party may file a motion with the court requesting that its order be modified.  We, therefore, find no merit in Mother's argument that the trial court failed to properly address the issue of visitation.  Mother's second assignment of error is overruled.

III.

{¶9}    Mother's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

GREGORY A. PRICE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.