[Cite as *Adams v. Adams*, 2014-Ohio-1327.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

JUDITH A. ADAMS C.A. No. 13CA0022

    Appellee

    v. APPEAL FROM JUDGMENT
ENTERED IN THE
GARRY A. ADAMS COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
    Appellant CASE No. 12-DR-0178

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

CARR, Judge.

{¶1} Appellant, Garry A. Adams, appeals the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} Garry A. Adams ("Husband") and Judith A. Adams ("Wife") were married in April 1986. On April 16, 2012, Wife filed a complaint for divorce with no minor children. Husband filed an answer and counterclaim for divorce. Wife filed an answer to the counterclaim. The parties proceeded to file trial briefs and a trial was held before a magistrate. On April 26, 2013, the magistrate issued a decision. The trial court entered judgment on the magistrate's decision the same day. Husband filed a notice of appeal.

{¶3} On appeal, Husband raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ITS FAILURE TO MAKE THE WIFE SOLELY RESPONSIBLE FOR THE COST OF REDEEMING THE MARITAL PROPERTY.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO TAKE THE WIFE'S INCOME INTO ACCOUNT WHEN MAKING A DETERMINATION OF SPOUSAL SUPPORT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY[] NOT CREDITING THE HUSBAND WITH THE VALUE OF THE PREMARITAL PORTION OF THE PENSION.

**{¶4}** In his assignments of error, Husband raises issues relating to the trial court's allocation of responsibility for the redemption of the marital property, the determination of spousal support, and the value of the premarital portion of Husband's pension.

**{¶5}** All of the issues Husband raises on appeal were addressed in the magistrate's decision. Civ.R 53 governs proceedings before a magistrate. Civ.R 53(D)(3)(b)(iv) states:

> *Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶6}** A review of the record reveals that Husband did not file any objections to the magistrate's decision. Furthermore, Husband has not argued plain error on appeal. This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal. *Kiewel v. Kiewel*, 9th Dist. Medina No. 09CA0075-M, 2010-Ohio-2945, ¶ 17; *John Soliday Fin. Group, LLC v. Robart*, 9th Dist. Summit No. 24407, 2009-Ohio-2459, ¶ 15. While all three

issues Husband raises on appeal were addressed in the magistrate's decision, Husband did not file objections to those issues pursuant to Civ.R. 53(D)(3). Accordingly, Husband's assignments of error are overruled.

## III.

**{¶7}** Mr. Adams' assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

RICHARD BARBERA, Attorney at Law, for Appellant.

JAMES R. RECUPERO, Attorney at Law, for Appellee.