[Cite as *Eslinger v. McKnight*, 2015-Ohio-3446.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| KEVIN N. ESLINGER | | C.A. No. 27649 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAMELA MCKNIGHT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 2005-01-0096 |

DECISION AND JOURNAL ENTRY

Dated: August 26, 2015

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Kevin Eslinger ("Father"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, terminating his shared parenting plan with Defendant-Appellee, Pamela McKnight ("Mother"), and designating Mother as the sole legal custodian and residential parent of the parties' two minor children. For the reasons that follow, we affirm the trial court's judgment.

I.

{¶2} Mother and Father have never married. They have two minor children, D.E. and H.E. This matter commenced in 2005 when Father filed an action to establish the parent-child relationship and to allocate parental rights and responsibilities. The trial court subsequently issued a judgment entry adopting the parties' agreement establishing the parent-child relationship and a shared parenting plan.

{¶3} In 2013, after two previous post-decree modifications of the shared parenting plan, Mother filed a motion asking the trial court to find Father in contempt for interfering with her custodial rights and not complying with the shared parenting plan. She also moved to reallocate parental rights and responsibilities. Father responded with his own motion for a contempt finding against Mother, the termination of the shared parenting plan, and the granting of sole legal custody to him. The record reflects that by the time of these filings, the parties had developed an acrimonious relationship, that the children were having issues with school attendance, socialization, and personal hygiene, and that their visitation time with both parents was inconsistent and noncompliant with provisions of the shared parenting plan. To help resolve these issues, the trial court appointed a guardian ad litem.

{¶4} On January 29, 2014, the GAL filed a motion to certify the case to the Summit County Court of Common Pleas, Juvenile Division, on the basis that there needed to be an investigation into the possible abuse, neglect, and dependency of the children. The domestic relations court granted the motion on February 7, 2014 and certified the case for transfer. Although the relevant judgment entry is not included in the record, the docket for this matter reveals that the juvenile court rejected the certification and did not accept jurisdiction over the case. As a result, the domestic relations court reasserted its jurisdiction and proceeded to resolve this matter on the merits.

{¶5} On June 16, 2014, a magistrate conducted a full evidentiary hearing on the parties' competing motions. After receiving testimony from the GAL, both parties, and two of Father's sisters, the magistrate issued a decision recommending the termination of the parties' shared parenting plan and the designation of Mother as the children's sole legal custodian and residential parent. The basis for the termination of the shared parenting plan was the

magistrate's findings that the parties were unable to communicate, failed to follow court orders regarding visitation and communication, and neglected to properly address the children's academic, social, and medical needs. As to the recommended designation of Mother as the sole legal custodian and residential parent, the magistrate stated as follows in her decision:

> The Court is conflicted on which parent should be designated as the residential and custodial parent for the child as the court has concerns as to both parties['] ability to appropriately parent the children. However, upon review of all the testimony, and [GAL] reports coupled with best interest analysis, the Court finds among other things that [Mother] overall has marginally made better decisions concerning the children; [Mother] has exhibited conduct that would reflect she likely would be more willing to facilitate visitation; [Father] has exhibited regularly an inability to follow court orders, while [Mother] on a few occasions has had some minor issues with compliance; and that [Father] fails to have the capacity to appreciate how his conduct with [Mother] * * * adversely impacts the children. The Court further finds that there is no evidence to suggest that [Mother] does not provide a safe living environment for the children. In the end, the Court finds that [Mother] should be designated as the residential and custodial parent of the children.

{¶6} Father filed preliminary objections to the magistrate's decision and then supplemented them once the transcript from the evidentiary hearing was produced. The trial court considered both the preliminary and supplemental objections before overruling all of them and adopting the magistrate's recommendations for the termination of the shared parenting plan and the designation of Mother as the sole legal custodian and residential parent of the children. The trial court also dismissed both parties' contempt motions for want of prosecution since they did not pursue those issues at the evidentiary hearing.

{¶7} Father filed this timely appeal, presenting five assignments of error for our review. To facilitate our analysis, we elect to address the assignments of error out of order.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY CERTIFY THE CASE TO THE SUMMIT COUNTY JUVENILE COURT BY NOT FOLLOWING THE CORRECT PROTOCOL OF FIRST MAKING A REFERRAL TO THE SUMMIT COUNTY CHILDRENS [SIC] SERVICES BOARD.

{¶8} In his second assignment of error, Father argues that the trial court erred by not referring this matter to the Summit County Children Services Board before attempting to certify this matter to the Summit County Court of Common Pleas, Juvenile Division. We disagree.

{¶9} Preliminarily, we note that Father has brought this appeal pro se. We have previously recognized that the following principles apply when resolving pro se appeals:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se litigants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

{¶10} Keeping these principles in mind, we must reject Father's argument. Father points us to R.C. 3109.06, which relevantly provides as follows regarding certification of a child custody matter to juvenile court:

> [A]ny court, other than a juvenile court, that has jurisdiction in any case respecting the allocation of parental rights and responsibilities for the care of a child under eighteen years of age and the designation of the child's place of residence and legal custodian * * *, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much of the record and such further information, in narrative form or

otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings[.]

In cases in which the court of common pleas finds the parents unsuitable to have parental rights and responsibilities for the care of the child or children and unsuitable to provide the place of residence and to be the legal custodian of the child or children, consent of the juvenile court shall not be required to such certification.

This provision does not contain or refer to a requirement that the domestic relations court first make a referral to CSB before certifying a case to transfer. And, Father has failed to provide any other authority that creates such a requirement. *See* App.R. 16(A)(7) (requiring briefs to have "[a]n argument containing the contentions of the appellant with respect to each assignment of error * * * with citations to the authorities * * * on which appellant relies"). As a result, we can find no error in the trial court's failure to refer this matter to CSB before attempting to certify the case to juvenile court.

{¶11} Accordingly, we overrule Father's second assignment of error.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY DEMONSTRATING A BIAS TO THE APPELLANT AND EXHIBITING PARTIALITY TOWARD'S [SIC] THE APPELLE [SIC.] DURING THE TRIAL HELD ON JUNE 16, 214 [SIC].

{¶12} In his fourth assignment of error, Father essentially argues that the trial court's judgment should be reversed because the magistrate was biased against him. Since this issue was not properly raised in the trial court, we disagree.

{¶13} Civ.R. 53(D)(6) provides that "[d]isqualification for bias or other cause is within the discretion of the court and may be sought by motion filed with the court." The failure to timely raise the issue of disqualification by motion filed with the court operates as a forfeiture of the issue for appellate review. *See J.B. v. Harford*, 9th Dist. Summit No. 27231, 2015-Ohio-13, ¶ 36 (overruling assignment of error based on bias of the magistrate since "the proper method of

challenging the magistrate's impartiality or misconduct here was to have filed a motion for disqualification with the trial court"); *Patton v. Patton*, 5th Dist. Muskingum No. CT2009-0031, 2010-Ohio-2096, ¶ 79 ("Appellant did not file a motion with the trial court to disqualify the magistrate, nor did he raise the issue at hearing. Accordingly, the assignment of error is overruled."). Here, Father never filed a motion to disqualify the magistrate, nor did he orally request disqualification at the time of the hearing. Consequently, he has forfeited this issue for appellate review and we must overrule his fourth assignment of error.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN THE ADMINISTRATIVE LAW JUDGE [SIC] FAILED TO RULE ON MOTIONS BY THE APPELLANT DURING THE OBJECTION PROCESS AND ESPECIALLY, INCORRECTLY FILLING IN THE WRONG DATES ON A PROPOSED ORDER DRAWN UP BY APPELLANT SUBSEQUENTLY CREATING CONFUSION RESULTING IN APPELLANT UNABLE TO SUPPLEMENT AND CORRECT HIS SUPPLEMENTAL BRIEF.

{¶14} In his third assignment of error, Father contends that the trial court failed to properly dispose of his motion for an extension of time to file supplemental objections to the magistrate's decision. We disagree.

{¶15} Father filed preliminary objections to the magistrate's decision on August 15, 2014 and supplemental objections on November 13, 2014. The trial court indicated that it considered both sets of objections before issuing its final judgment. Further, Father does not state what additional objections besides those contained in the preliminary and supplemental objections he would have asserted had the trial court granted his motion to extend time. In light of these facts, we can discern no prejudice in the trial court's resolution of Father's motion for an extension of time. Consequently, we determine that the trial court did not commit reversible error in its handling of Father's motion for an extension of time. *See Weber v. Obuch*, 9th Dist.

Medina No. 05CA0048-M, 2005-Ohio-6993, ¶ 18 ("In this case, Appellant has not argued that he was prejudiced by the trial court's error, thus, under App.R. 12(D), we will not reverse the judgment of the trial court.").

{¶16} Accordingly, we overrule Father's third assignment of error.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY NOT CONSIDERING THE APPELLE'S [SIC] HISTORY OF DOMESTIC VIOLENCE CONVICTION'S [SIC] AGAINST HER TOWARDS THE APPELLANT AS WELL AS HER FORMER SPOUSE.

{¶17} In his fifth assignment of error, Father argues that the trial court should have placed greater weight on Mother's domestic violence convictions. However, since Father has failed to properly preserve this issue for appellate review, we disagree.

{¶18} Civ.R. 53(D)(3)(b)(ii) states that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Based on this requirement, we have previously determined that an appellant forfeits appellate review of any issues not stated in his objections to the magistrate's decision. *See Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6 ("This Court has held that when a party failed to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal."); *John Soliday Fin. Group, L.L.C. v. Robart*, 9th Dist. Summit No. 24407, 2009-Ohio-2459, ¶ 15 ("Because [appellant] did not specifically object to the findings in the magistrate's decision set forth in the first nine assignments of error, those claims have been forfeited and may not be raised on appeal."). Neither set of Father's objections to the magistrate's decision refer to domestic violence convictions as grounds for a rejection of the decision. Accordingly, he failed to preserve this issue for appellate review and we must overrule the fifth assignment of error.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY HOLDING APPELLANT EQUALLY
RESPONSIBLE FOR THE MINORS [SIC] CHILDREN'S SCHOOLING,
GRADES, ATTENDANCE, HOME WORK [SIC] AND COUNSELING
APPOINTMENT'S [SIC] WHILE FULLY KNOWING THAT A PRIOR
COURT ORDER CONTAINED WITHIN THE PRIOR SHARED PARENTING
AGREEMENT THAT WAS IN PLACE SINCE NOVEMBER 1, 2012,
CLEARLY DESIGNATING [SIC.] THE APPELLEE SOLE RESPONSIBILITY
FOR THESE DUTIES AND NOT THE APPELLANT.

{¶19} In his first assignment of error, Father argues that the trial court erred in designating Mother the sole legal custodian and residential parent of the children since it purportedly held Father equally responsible for the children's poor academic records and inconsistent medical treatment. Since the record reflects that the trial court did not rely on these issues when designating Mother the sole legal custodian and residential parent, we disagree.

{¶20} "The trial court is vested with broad discretion to decide matters regarding the allocation of parental rights and responsibilities for the care of minor children[.]" *Goad v. Goad*, 9th Dist. Medina No. 13CA0097-M, 2014-Ohio-3534, ¶ 8. As a result, we review a trial court's judgment regarding child custody matters for an abuse of discretion. *Rice v. Sobel*, 9th Dist. Summit No. 27458, 2015-Ohio-2251, ¶ 27. An abuse of discretion occurs when the trial court's decision is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Oho St.3d 619, 621 (1993).

{¶21} Father is not questioning the termination of the parties' shared parenting plan. Indeed, he requested its termination during the trial court proceedings. As a result, we need to only consider the trial court's order allocating sole legal custody and residential parental rights to Mother. R.C. 3109.04(E)(2)(d) controls the trial court's action after the termination of a shared

parenting plan, *Phillips v. Phillips*, 9th Dist. Lorain No. 13CA010358, 2014-Ohio-248, ¶ 7, and it provides as follows:

> Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.

R.C. 3109.04(E)(2)(d).

{¶22} "When allocating parental rights and responsibilities, the court must take into account the best interest of the children." *Bentley v. Rojas*, 9th Dist. Lorain No. 10CA009776, 2010-Ohio-6243, ¶ 19, citing R.C. 3109.04(B)(1). The best interest of the children analysis requires a consideration of the factors listed in R.C. 3109.04(F)(1). *Hammond v. Harm*, 9th Dist. Summit No. 23993, 2008-Ohio-2310, ¶ 11. R.C. 3109.04(F)(1) provides, in pertinent part, as follows:

> In determining the best interest of a child pursuant to this section, * * * the court shall consider all relevant factors, including, but not limited to:
>
> * * *
>
> (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
>
> * * *
>
> (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
>
> * * *
>
> (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's rights to parenting time in accordance with an order of the court[.]

We note that the list of best interest factors in R.C. 3109.04(F)(1) is not exhaustive and instead, the trial court is able to consider any relevant factor. *Beucler v. Beucler*, 12th Dist. Brown No. CA2014-05-009, 2015-Ohio-1084, ¶ 19, citing *Seibert v. Seibert*, 66 Ohio App.3d 342, 345 (12th Dist.1990).

{¶23} The trial court listed four primary reasons for designating Mother as the sole legal custodian and residential parent of the children: (1) Mother has made marginally better decisions regarding the children; (2) Mother is more likely to facilitate visitation; (3) Father did not follow the court's orders regarding communication with Mother and the parties' custodial time under the shared parenting plan; and (4) Father has negatively spoken of Mother in front of the children, which adversely affects them. Father did not carry his burden on appeal to demonstrate that these findings were not supported by the record, nor did he establish that it failed to consider other relevant factors that should have been resolved in his favor regarding the children's best interest. As a result, we must affirm the trial court's allocation of sole legal custody and residential parental rights to Mother. *See In re P.T.*, 9th Dist. Summit No. 24207, 2008-Ohio-4690, ¶ 17 ("Because Mother has not disputed that the trial court's finding * * * was supported by the evidence presented * * * and was sufficient to support the court's finding * * *, she cannot demonstrate reversible error.").

{¶24} Accordingly, we overrule Father's first assignment of error.

III.

{¶25} Having overruled all of Father's assignments of error, we affirm the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

KEVIN N. ESLINGER, pro se, Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.