[Cite as *Phillips v. Hostetler*, 2017-Ohio-2834.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| MELISSA PHILLIPS | C.A. No.     28397 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES HOSTETLER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     DR-2013-02-0236 |

DECISION AND JOURNAL ENTRY

Dated: May 17, 2017

---

CALLAHAN, Judge.

{¶1} James Hostetler appeals from the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} Mr. Hostetler and Melissa Phillips are the parents of three children. In 2013, their marriage was dissolved by a decree incorporating their separation agreement and shared parenting plan. In October 2015, Ms. Phillips moved to terminate shared parenting and requested that the court also address child support.

{¶3} The matter was scheduled for an initial hearing on January 12, 2016 and subsequently referred to mediation. In addition, a series of hearings were held before a magistrate. As it relates to the matter on appeal, the final magistrate's hearing was held on July 11, 2016.

{¶4}   On August 3, 2016, the magistrate issued a decision designating Ms. Phillips the residential parent of the children, setting a visitation schedule for Mr. Hostetler, and determining Mr. Hostetler's child support obligation.  The magistrate found that Ms. Phillips earns $32,000 annually and Mr. Hostetler earns $33,840 annually; that Ms. Phillips provides health insurance for the children; and that "[t]he parties reached a full agreement on all parenting related issues." A child support computation worksheet was attached to the decision.

{¶5}   Mr. Hostetler filed objections arguing that a different child support worksheet had been relied upon at a hearing in May 2016; that his income figure in the new worksheet was inaccurate; and that his income documents had not been provided to Ms. Phillips' attorney until after the hearing, and therefore, she could not have had the correct amount.  Ms. Phillips responded in opposition, noting that her attorney had received income information from Mr. Hostetler's employer prior to the hearing and submitted copies of those records to the court.

{¶6}   The trial court overruled Mr. Hostetler's objections.  The court noted that Mr. Hostetler had not requested a transcript of the hearing.  Consequently, the court accepted the magistrate's findings of fact as correct.  The court ordered that Ms. Phillips was the residential parent, set a visitation schedule for Mr. Hostetler, and ordered Mr. Hostetler to pay Ms. Phillips $706.17 per month in child support.

{¶7}   Mr. Hostetler appeals raising three assignments of error.

II.

## ASSIGNMENT OF ERROR NO. 1

THE MODIFICATION OF HOSTETLER'S PARENTAL TIME [WITH] HIS CHILDREN IN THE MAGISTRATE[']S PROVISIONAL ORDERS DURING COURT PROCEEDINGS WAS AN ABUSE OF DISCRETION BY THE TRIAL COURT.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED IN THE DISREGARD FOR HOSTETLER'S OBJECTION TO HOW INFORMATION WAS GATHERED AND SUBMITTED BY [MS. PHILLIPS' ATTORNEY] IN COMPLIANCE WITH LAWS ON MODIFICATION OF PARENTING RIGHTS.

{¶8} In his first and second assignments of error, Mr. Hostetler challenges the modification of his parental rights. This Court addresses these assignments of error together.

{¶9} As an initial matter, this Court notes that Mr. Hostetler and Ms. Phillips are each proceeding pro se in this appeal. This Court has repeatedly observed:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se parties] to the same standard as any represented party.

(Internal citations omitted.) *Paintiff v. Eberwein*, 9th Dist. Medina No. 14CA0117-M, 2016-Ohio-5464, ¶ 7, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. *Accord Eslinger v. McKnight*, 9th Dist. Summit No. 27649, 2015-Ohio-3446, ¶ 9.

{¶10} Under his first assignment of error, Mr. Hostetler challenges provisional orders that were made by the magistrate between the filing of Ms. Phillips' motion and the final hearing on it. Under his second assignment of error, Mr. Hostetler argues that Ms. Phillips failed to comply with Loc.R. 2.07 of the Court of Common Pleas of Summit County, Domestic Relations Division. This Court does not reach the merits of these arguments because Mr. Hostetler did not raise them to the trial court.

{¶11} A party must "timely advise a trial court of possible error, by objection or otherwise" in order to preserve the issue for appeal. *Goldfuss v. Davidson*, 79 Ohio St.3d 116,

121 (1997). "'While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if a [party] fails to do so.'" *Hendy v. Wright*, 9th Dist. Summit No. 26422, 2013-Ohio-5786, ¶ 14, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41, citing *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11.

{¶12} Civil Rule 53 addresses proceedings in matters referred to magistrates. A party may challenge a magistrate's order by filing a motion to set aside that order with the trial court. Civ.R. 53(D)(2)(b). A party may challenge a magistrate's decision by filing objections thereto. Civ.R. 53(D)(3)(b). Objections must be specific explaining with particularity all the grounds for the objection. Civ.R. 53(D)(3)(b)(ii). "An objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii); *see also Young v. Bishop*, 9th Dist. Summit No. 21025, 2002-Ohio-5944, ¶ 6. "Failure to specifically raise an argument in an objection to a magistrate's decision results in a forfeiture of that argument on appeal." *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500, ¶ 9, citing Civ.R. 53(D)(3)(b)(iv).

{¶13} In the present matter, Mr. Hostetler did not move to set aside any of the magistrate's orders pursuant to Civ.R. 53(D)(2)(b). While he did file objections to the magistrate's August 3, 2016 decision, those objections concerned the child support calculation, not the modification of his parental rights. Moreover, he has not argued plain error on appeal.

{¶14} Mr. Hostetler's objections contained one sentence regarding visitation. He stated that he "agreed to rotate summer schedule." His statement that he "agreed" to this portion of the

magistrate's decision can hardly be viewed as an objection. He did not otherwise address his parental time in his objections.

{¶15} Mr. Hostetler's objections referenced two local rules of the Summit County Court of Common Pleas, Domestic Relations Division – Loc.R. 14.01 (child support modification) and Loc.R. 20.01 (discovery in general). By contrast, on appeal, he argues noncompliance with Loc.R. 2.07 (post-decree motions). Not only does his argument concern a different rule, it also involves different times. In his objections, Mr. Hostetler argued that he had not provided his income information prior to the July 11, 2016 hearing. On appeal, he argues that Ms. Phillips did not properly serve certain affidavits prior to the January 12, 2016 hearing.

{¶16} Finally, this Court notes that the magistrate found that "[t]he parties reached a full agreement on all parenting related issues." Mr. Hostetler did not challenge this factual finding in his objections.

{¶17} Mr. Hostetler failed to raise these issues in the trial court and has not argued plain error on appeal. Consequently, his first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRONEOUSLY ALLOWED DOCUMENTS PRESENTED IN SUBMISSION WITHOUT FULFILLING ITS OBLIGATION AS ADMINISTRATOR TO THE SUPPORT NEEDS OF THE CHILDREN, AND RELATIONSHIP TO "FATHER" SHOWING BIAS AND DISCRETIONARY ABUSE.

{¶18} In his third assignment of error, Mr. Hostetler challenges the amount of child support he was ordered to pay. While Mr. Hostetler had challenged his child support obligation in his objections to the magistrate's decision, he did so on a different basis.

{¶19} In his objections to the trial court, Mr. Hostetler challenged the income amount used for him on the child support worksheet. By contrast, on appeal, Mr. Hostetler contends that

the child support fails to account for "benefits [Ms. Phillips] receives from remarriage" and questions the parties' receipt of equal tax exemption offsets in the worksheet.

{¶20} Mr. Hostetler did not mention Ms. Phillips' remarriage in his objections. Regarding the tax exemptions, Mr. Hostetler stated in his objections that he "agreed to * * * rotate tax dependency exemptions." The magistrate's decision and the trial court's order provide for this rotation. On appeal, Mr. Hostetler notes that Ms. Phillips had the tax dependency exemption for all the children under the 2013 agreement and implies that this should impact the current tax exemption offset.

{¶21} Although Mr. Hostetler challenged his child support obligation below, he failed to raise the specific grounds that he is attempting to argue on appeal and he does not argue plain error. *See* Civ.R. 53(D)(3)(b)(ii), (iv). Mr. Hostetler's third assignment of error is overruled.

III.

{¶22} Mr. Hostetler's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JAMES HOSTETLER, pro se, Appellant.

MELISSA PHILLIPS, pro se, Appellee.