[Cite as *Dolbin v. Colahan*, 2023-Ohio-4536.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

NICK W. DOLBIN,                          :

    Plaintiff-Appellant,          :

                           No. 112545

    v.                            :

KATHLEEN M. COLAHAN,                     :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-355976

---

### *Appearances:*

Nick W. Dolbin, *pro se.*

Cavitch, Familo & Durkin, Co., LPA, and Jacob W. Doerr,
*for appellee.*

MARY J. BOYLE, J.:

{¶ 1}   Plaintiff-appellant, Nick W. Dolbin ("Dolbin"), pro se, appeals the trial court's judgment adopting the magistrate's decision denying his motion to show cause against defendant-appellee, Kathleen M. Colahan ("Colahan"). Dolbin raises the following single assignment of error for review:

**Assignment of Error:** The trial court erred and abused its discretion in not enforcing the divorce decree regarding the division of real property, specifically dealing with property tax and the quit claim deed of the real property.

{¶ 2} For the reasons set forth below, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In 2007, Dolbin and Colahan married and had one child, M.D. (d.o.b. 01/30/01), as issue of their marriage. In 2015, Dolbin (husband) filed for divorce from Colahan (wife). The parties were divorced pursuant to a judgment entry of divorce journalized in November 2018. On the day of trial in August 2018, the parties appeared in court before the trial judge and reached a settlement, which was read into the record. A copy of the transcript of the proceedings was attached to the parties' final decree.

{¶ 4} Relevant to this appeal, Dolbin's counsel stated that the marital residence located in Strongsville shall be Dolbin's property and effective October 1, 2018, Dolbin "shall be responsible to pay all expenses associated with the [marital] residence, including, the first mortgage, all utilities, and whatnot associated with the residence." (Tr. 4.) Dolbin's counsel further stated that Colahan "will ensure that the mortgage is current through September 30th of 2018. The taxes, as far as the deductions associated with the property will be prorated with your time of September 30th of 2018." (Tr. 4-5.)

{¶ 5} The judgment entry of divorce was later submitted to the court. In relevant part, the decree set forth that Dolbin shall retain the marital residence as

his separate property free and clear of any claims by Colahan and Colahan shall execute a quit claim deed in favor of Colahan within seven days of the journalization of the order. In addition, the decree stated that: (1) Dolbin "shall pay and be solely responsible for all expenses and/or obligations associated with his ownership of the property"; (2) "the 2018 real estate taxes associated with the property shall be prorated between [Dolbin and Colahan] as of September 30, 2018"; (3) Dolbin "shall pay the real estate taxes as of September 30, 2018 through December 31, 2018"; and (4) Colahan "shall pay the real estate taxes as of January 1, 2018 through September 30, 2018." (Judgment entry of divorce, pg. 13-14.)

{¶ 6} In April 2022, Dolbin filed a pro se motion to show cause, seeking an order holding Colahan in contempt of court for failing to comply with the decree relating to martial residence. Dolbin alleged that Colahan failed to pay the property taxes for the 2018 tax year and owes $3,998 for six months in past taxes. Dolbin further alleged that Colahan violated the decree by not executing the quit claim deed timely and Colahan retained an escrow surplus from the mortgage holder in the amount of $1,419.15, which was the result of the owner occupancy credit he requested. Dolbin sought a judgment in his favor of in the amount of $5,417.23, plus interest from September 30, 2018.

{¶ 7} The matter proceeded to a hearing before the magistrate at which testimony was presented by both parties and evidence was admitted. After the conclusion of the hearing, the magistrate issued a decision on February 6, 2023, denying Dolbin's show cause motion. The magistrate found that Dolbin's arguments

relating to the tax issue are misconstrued and that he failed to establish by clear and convincing evidence that Colahan violated any of the court's prior orders relating to his claims for relief. The magistrate declined to order Colahan to return the escrow surplus from the mortgage holder because it is not part of any prior order.

{¶ 8} On February 17, 2023, Dolbin filed timely objections to the magistrate's decision but did not file a transcript or a notice of intent to supplement his objections with the transcript within 14 days as required by Loc.R. 27 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, which provides in pertinent part:

> Civil Rule 53 shall govern all procedures including filings and rulings by the Court regarding Magistrate's Decisions and Orders.
>
> **1. Objections.**
>
> a. Objections to a Magistrate's decision shall be filed and served upon all opposing parties within fourteen (14) days after the date the decision is filed.
>
> * * *
>
> c. A party filing objections that require a transcript must file his or her objections within the fourteen (14) day time period set forth above, and must file a Notice of Intent to supplement objections after the transcript has been completed, for which leave will automatically be granted.
>
> * * *
>
> **2. Requirement of Transcript.**
>
> a. If a party is objecting to factual findings in the Magistrate's decision, a transcript of the record of proceedings before the Magistrate must be filed.
>
> * * *

c. The party filing objections shall order the transcript from the Court Reporter, and shall file a Praecipe (D.R. Form 3.00 in Appendix) with the Clerk of Courts within the initial fourteen (14) day period after the date the Magistrate's Decision is filed.

\* \* \*

f. Failure to timely file the Praecipe or filing a Praecipe without the signature of the Court Reporter shall result in the objections as to factual findings being overruled.

{¶ 9} On February 23, 2023, the trial court adopted the magistrate's decision and denied Dolbin's show cause motion. A review of the record reveals that Dolbin did not file his praecipe to the court reporter for the transcript of the proceedings until March 8, 2023, and two entries for a transcript were not filed until March 10, and March 23, 2023, which was more than one month after the magistrate's decision was filed.

{¶ 10} Dolbin now appeals the trial court's order denying his motion to show cause.

## II. Law and Analysis

{¶ 11} Dolbin's argument consists solely of the following: "[t]he magistrate failed to review [R.C.] 5302.04, since [Colahan] did not have an exclusion with the Quit Claim Deed, she conveyed All interests with the filing of this instrument."

{¶ 12} Generally, a trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *In re M.I.S.*, 8th Dist. Cuyahoga No. 98138, 2012-Ohio-5178, ¶ 11, citing *Gobel v. Rivers*, 8th Dist. Cuyahoga No. 94148, 2010-Ohio-4493, ¶ 16. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over

which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 13} We note, however, that Dolbin failed to timely provide the transcript to the trial court in support of his objections to the magistrate's decision, including the magistrate's factual findings. Civ.R. 53(D)(3)(b)(iii) provides that any objection to a factual finding in a magistrate's decision "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *See also* Loc.R. 27 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division.

{¶ 14} "If a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by failing to provide a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv)." *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11. In other words, "the court of appeals cannot consider evidence that the trial court did not have when it made its decision." *Id.*, citing *Herbert v. Herbert*, 12th Dist. Butler No. CA2011-07-132, 2012-Ohio-2147, ¶ 13-15.

{¶ 15} The Ohio Supreme Court has instructed reviewing courts to "proceed with the utmost caution" when applying the plain error doctrine in civil matters. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The *Goldfuss* Court stated, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no

objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at syllabus.

{¶ 16} Here, Dolbin's argument consists of one sentence.[1] In that sentence, he does not argue plain error, and we decline to construct an argument for him on appeal. *See O'Hara v. Ephraim*, 9th Dist. Summit No. 28467, 2018-Ohio-567, ¶ 13, citing *Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6, and *Phillips v. Hostetler*, 9th Dist. Summit No. 28397, 2017-Ohio-2834 (where husband failed to file the transcript of the magistrate's hearing in the trial court prior to the trial court ruling on the objections, and *O'Hara* court found that husband forfeited the issues he raised on appeal and declined to find plain error because husband did not argue it on appeal.).

{¶ 17} Given the foregoing, we find that Dolbin waived the issue he raises on appeal and we decline to find plain error. Dolbin has failed to argue and demonstrate that this is an "extremely rare case" in which exceptional circumstances exist warranting application of the plain error doctrine in order to prevent a manifest miscarriage of justice. *Goldfuss* at 121.

{¶ 18} Accordingly, the sole assignment of error is overruled.

{¶ 19} Judgment is affirmed.

---

[1] We are mindful that litigants who proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants. *Kilroy v. B.H. Lakeshore Co.*,111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996); *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, ¶ 18-19.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR