[Cite as *Ferrell v. Cole*, 2024-Ohio-3305.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| PERRY FERRELL, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113435 |
| v. | : | |
| EDDIE COLE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2024

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2023-CVG-009872

### *Appearances:*

Law Office of Arleesha Wilson and Arleesha Wilson, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Eddie Cole ("Cole"), appeals the Cleveland Municipal Housing Court's judgment adopting the magistrate's decision in favor of plaintiff-appellee, Perry Ferrell ("Ferrell"), in a forcible entry and detainer action.[1]

---

[1] We note that Ferrell did not file an appellate brief.

Cole claims that the housing court was without subject-matter jurisdiction to grant the eviction. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 29, 2023, Ferrell filed an eviction against Cole for the nonpayment of rent ($500/month) based upon an oral rental agreement. Attached to Ferrell's complaint was a printout from the Cuyahoga County Auditor's website indicating that Ferrell is the owner of the property. On October 5, 2023, Cole filed a motion to stay the proceedings, pending the temporary restraining order she filed in Cuyahoga County Common Pleas Court. *See Cole v. Ferrell*, Cuyahoga C.P. No. CV-23-984757.[2] In her motion to stay, Cole alleged that she is the rightful owner of the property and Ferrell (her nephew) fraudulently acquired the property from her.

{¶ 3} We note that in the common pleas court, Cole filed a complaint against Ferrell on August 30, 2023, and a temporary restraining order on August 31, 2023. Cole alleged that she is 79 years old and she bought the property in 2017. In 2022, Ferrell offered to help renovate the property. She alleged that Ferrell promised that he would help her if she signed a document. Cole agreed because she trusted her nephew to provide the help she needed. She did not know, however, that the document Ferrell made her sign was a deed that transferred ownership of the

---

[2] Although the docket of the common pleas case is not part of our appellate record, we may take judicial notice of the docket entries. *Zhong v. Liang*, 2020-Ohio-3724, ¶ 20 (8th Dist.), citing *State v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-3782, ¶ 5 (8th Dist.); *In re N.V.*, 2017-Ohio-975, ¶ 19 (8th Dist.); *Sultaana v. Horseshoe Casino*, 2015-Ohio-4083, ¶ 4 (8th Dist.); *State ex rel. Ormond v. Solon*, 2009-Ohio-1097, ¶ 15 (8th Dist.).

property.  Rather, Cole thought the document would help her renovate her house. The complaint further alleged that on August 19, 2022, Ferrell fraudulently transferred the property to himself via a quitclaim deed.  According to Cole, she never intended to transfer ownership of the property to Ferrell.  Cole brought forth the following six causes of action:  1) injunctive relief preventing Ferrell from selling the property; 2) declaratory judgment that Ferrell's deed is invalid and she is the rightful owner; 3) undue influence; 4) fraud and misrepresentation; 5) unjust enrichment; and 6) civil theft.  Cole's temporary restraining order sought, among other things, to enjoin and restrain Ferrell from liquidating or distributing any income related to the subject property pending the resolution of her complaint.[3]

{¶ 4}  An eviction hearing was held in the housing court on October 17, 2023, at which both parties were represented by counsel.  After the conclusion of the hearing, the magistrate granted the eviction for nonpayment of rent.  In the decision, the magistrate also noted, "possible quiet title action but have to pursue in common pleas."  The magistrate ordered the move out to take place on or after October 31, 2023.

{¶ 5}  On October 31, 2023, the housing court denied Cole's motion to stay. In denying the motion, the court found that Cole did not attach any documentation to support her motion and the court is bound by the "present record title" — that is the housing court does not determine title issues, but rather who has the right to

_____

[3] The complaint is still pending as of the date of this opinion, with the last docket entry issued on August 2, 2023, stating that "mediation hearing held.  Case did not settle and is returned to the docket[.]"

present possession of the property. The housing court noted that the common pleas court may later determine title issues differently, but as of the date of the eviction hearing, Ferrell met his burden that he was the titled owner.

{¶ 6} On November 7, 2023, Cole filed objections to the magistrate's decision, claiming that the present title rule does not apply because there is no underlying contract between the parties. As a result, Cole contended that the housing court lacked subject-matter jurisdiction and could not grant the eviction. Cole claimed she submitted testimony that Ferrell fraudulently accessed her bank account to pay himself rent and that she has the mortgage on the house, which she consistently paid over the years. Ferrell replied to the objections on November 17, 2023. In his reply, he noted that Cole did not attach an affidavit or present a transcript. He argued that Cole was a tenant through an oral agreement and he is the titled owner of the property.

{¶ 7} The trial court issued a judgment entry denying Cole's objections the same day Ferrell filed his response. The court noted that Cole failed to submit a transcript or affidavit with her objections and, as a result, it had to accept the magistrate's factual findings. In doing so, the court found that without an affidavit or transcript, it had to accept the magistrate's legal findings, which were that 1) there was an oral contract; 2) Cole last paid rent in July 2023; and 3) a notice to vacate was properly served. Therefore, the court concluded that the magistrate's legal conclusions were correct and the magistrate did not misapply the "present title" principle.

{¶ 8} It is from this order that Cole appeals, raising the following two assignments of error for review, which shall be addressed together.

> **Assignment of Error I:** The trial court erred when it granted an eviction against [Cole], as the trial court misapplied the "present title" principle, and therefore it lacked subject matter jurisdiction to grant relief to [Ferrell].

> **Assignment of Error II:** The trial court erred when it decided that [Ferrell] was entitled to forcible entry and detainer as [Cole] was not a tenant of [Ferrell's] and therefore, the court lacked subject matter jurisdiction pursuant to R.C. 1923.02(A).

{¶ 9} Within these assigned errors, Cole essentially argues that since she claims "present title" to the property and there was no contractual relationship between her and Ferrell, the court was without jurisdiction to grant Ferrell the eviction under R.C. 1923.02. In support of her argument, Cole relies on the testimony presented at the eviction hearing before the magistrate.

{¶ 10} We begin our analysis, like the housing court did, by noting that Cole failed to make the transcript of the hearing part of the record for the court's review of the magistrate's decision or for our appellate review. Under Civ.R. 53, any "objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶ 11} "It is well established that if the objecting party fails to file a proper transcript of all relevant testimony with his or her objections, a trial court's review is necessarily limited to the magistrate's conclusions of law." *Vannucci v. Schneider*,

2017-Ohio-192, ¶ 17 (8th Dist.), citing *In re C.L.*, 2010-Ohio-682, ¶ 8; *Allread v. Allread*, 2011-Ohio-1271, ¶ 18 (2d Dist.); *see also Dolbin v. Colahan*, 2023-Ohio-4536, ¶ 14-15 (8th Dist.). The Ohio Supreme Court has also stated: "If a party fails to follow the procedures set forth in Civ.R. 53(D)(3)(b)(iii) for objecting to a magistrate's findings by failing to provide a transcript to the trial court when filing objections, that party waives any appeal as to those findings other than claims of plain error. Civ.R. 53(D)(3)(b)(iv)." *State ex rel. Pallone v. Ohio Court of Claims*, 2015-Ohio-2003, ¶ 11. In other words, "the court of appeals cannot consider evidence that the trial court did not have when it made its decision." *Id.*, citing *Herbert v. Herbert*, 2012-Ohio-2147, ¶ 13-15 (12th Dist.).

{¶ 12} The Ohio Supreme Court has instructed reviewing courts to "proceed with the utmost caution" when applying the plain-error doctrine in civil matters. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). The *Goldfuss* Court stated, "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at syllabus.

{¶ 13} Here, Cole's arguments challenge the factual findings made by the magistrate. She does not argue plain error, and we decline to construct an argument for her on appeal. *Dolbin* at ¶ 16, citing *O'Hara v. Ephraim*, 2018-Ohio-567, ¶ 13 (9th Dist.), citing *Adams v. Adams*, 2014-Ohio-1327, ¶ 6 (9th Dist.), and *Phillips v.*

*Hostetler*, 2017-Ohio-2834 (9th Dist.) (where husband failed to file the transcript of the magistrate's hearing in the trial court prior to the trial court ruling on the objections, and the *O'Hara* court found that husband forfeited the issues he raised on appeal and declined to find plain error because husband did not argue it on appeal).

{¶ 14} Given the foregoing, we find that Cole waived the issues she raises on appeal and we decline to find plain error. Cole has failed to argue and demonstrate that this is an "extremely rare case" in which exceptional circumstances exist warranting application of the plain error doctrine in order to prevent a manifest miscarriage of justice. *Goldfuss* at 121. Rather, the housing court acknowledged the lack of transcript, limited its review to the magistrate's legal conclusions, and found that the conclusions with respect to Ferrell's nonpayment-of-rent claim are correct and the magistrate did not misapply the "present title" principle.

{¶ 15} Accordingly, the first and second assignments of error are overruled.

{¶ 16} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR