[Cite as *Seminole Industries, Inc. v. Walthaw*, 2026-Ohio-653.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

SEMINOLE INDUSTRIES INC.,          :

    Plaintiff-Appellee,          :

                            No. 114911

    v.          :

TONYA WALTHAW, ET AL.,          :

    Defendants-Appellants.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 26, 2026

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2024-CVG-004880

---

### *Appearances:*

Powers Friedman Linn, PLL, and Rachel E. Cohen, *for appellee.*

Tonya Walthaw, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Tonya Walthaw ("Walthaw"), pro se, challenges the judgment of the Cleveland Municipal Court, Housing Division, adopting the magistrate's decision to grant judgment in favor of plaintiff-appellee Seminole

Industries, Inc. ("Seminole"), resulting from Seminole's forcible-entry-and-detainer action against Walthaw. She raises the following single assignment of error for review:

> The trial court erred in establishing the correct money owed to [Seminole]. Also, my participation in a housing assistance program.

{¶ 2} For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 3} In April 2024, Seminole filed a forcible-entry-and-detainer and money-damages complaint against Walthaw for the nonpayment of rent and the violation of additional lease terms. According to Seminole's complaint, Walthaw leased an apartment in Cleveland, Ohio from Seminole for $871 per month and owed back rent and other charges, which were to be determined at the time Walthaw vacated the premises. Seminole's complaint included two causes of action — forcible entry and detainer (Count 1) and money damages (Count 2). In response, Walthaw filed a pro se answer and counterclaim for, among other things, emotional distress and defamation of character.

{¶ 4} After a hearing before a magistrate on Count 1 of Seminole's complaint, the court granted Seminole judgment and ordered that Walthaw move out of the premises. The matter then proceeded on Seminole's monetary claim and Walthaw's counterclaim. In February 2025, the magistrate held a trial at which both parties presented evidence. Following the conclusion of this trial, the magistrate issued a decision, finding in favor of Seminole in the amount of $3,216.40, with

statutory interest from the date of judgment. The magistrate noted that Walthaw entered into a written-rental-lease agreement with Seminole. Walthaw's tenancy was governed by a Moderate Rehabilitation contract and subsidized by the Cuyahoga County Metropolitan Housing Authority ("CMHA"). (Magistrate's decision, Feb. 19, 2025.) The monthly rent was $871, and pursuant to the terms of the rental agreement and CMHA subsidy, Walthaw's monthly portion was $244/month. In September 2024, the monthly rent increased to $919/month and Walthaw's portion increased to $245/month. Walthaw was also responsible for monthly late fees at 5 percent of her monthly rental obligation. (Magistrate's decision, Feb. 19, 2025.) Walthaw's last rent payment to Seminole was for August 2023.

{¶ 5} The magistrate also dismissed Walthaw's counterclaim with prejudice. On the same day, February 19, 2025, the housing court adopted the magistrate's decision and issued a judgment in favor of Seminole and against Walthaw in the amount of $3,216.40, with statutory interest from the date of judgment. The court also dismissed Walthaw's counterclaim with prejudice. Walthaw did not file objections to the magistrate's decision and did not request the trial transcript prior to the filing of her notice of appeal.[1]

---

[1] We note that even though the court adopted the magistrate's decision the same day that it was issued, Walthaw was still required under Civ.R. 53(D)(3)(b)(i) to file written objections to the "magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period[.]"

**{¶ 6}** Walthaw now raises one assignment of error for our review.

## II. Law and Analysis

**{¶ 7}** Initially, we must recognize Seminole's argument that we should disregard Walthaw's assignment of error because she failed to comply with the appellate rules of procedure. Specifically, Walthaw failed to make any references to the record identifying the alleged errors made in the housing court in violation of App.R. 16(A)(3), as well as failed to provide any arguments supporting the contentions she presented for our review in violation of App.R. 16(A)(7). Additionally, Walthaw did not provide this court with the transcript from the housing court proceedings below as set forth in App.R. 9(B), and therefore we have a limited record for review. Under App.R. 12(A)(2), we may disregard Walthaw's assignment of error on these grounds alone.[2]

**{¶ 8}** Notwithstanding the foregoing, we overrule Walthaw's assigned error for her failure to file a transcript and failure to object to the magistrate's decision.

**{¶ 9}** Essentially, Walthaw disputes the amount of money the housing court determined she owes Seminole. Because Walthaw failed to file a transcript of the proceedings and failed to object to the magistrate's decision, Seminole argues

---

[2] Walthaw's status as a pro se litigant does not relieve her of her obligations as the appellant in this matter to comply with the above appellate rules. It is well established that "'pro se litigants are held to the same standard as all other litigants: they [ ] must accept the consequences of their own mistakes.'" *Manning v. Cuyahoga Metro. Hous. Auth.*, 2025-Ohio-4751, ¶ 17 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

that we should find that Walthaw waived any challenge to the housing court's decision. We agree.

**{¶ 10}** In general, an appellate court reviews the trial court's decision to adopt a magistrate's decision for an abuse of discretion. *Lichtenstein v. Lichtenstein*, 2020-Ohio-5080, ¶ 14 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶ 11}** Under Civ.R. 53(D)(3)(b)(iv), a party may challenge a magistrate's order through written objections. Additionally, under Civ.R. 53, any objection to a factual finding by the magistrate "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii).

**{¶ 12}** An appellant's failure to object to the magistrate's decision and to file a transcript, however, bars them from "assign[ing] as error on appeal the court's adoption of any factual finding or legal conclusion" of the magistrate and only allows an appellate court to review the decision for plain error. Civ.R. 53(D)(3)(b)(iv); *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 9, citing *State ex rel. Hunley v. Dept. of Rehab. & Corr.*, 2019-Ohio-933, ¶ 5; *State ex rel. Pallone v. Ohio Court of Claims*, 2015-Ohio-2003, ¶ 11. In other words, "the court of appeals cannot consider evidence that the trial court did not have when it made its decision." *Pallone* at ¶ 11, citing *Herbert v. Herbert*, 2012-Ohio-2147, ¶ 13-15 (12th Dist.).

{¶ 13} The Ohio Supreme Court has instructed reviewing courts to "proceed with the utmost caution" when applying the plain-error doctrine in civil matters. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). The *Goldfuss* Court stated, "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at syllabus.

{¶ 14} Here, Walthaw's arguments challenge the factual findings made by the magistrate. She does not, however, argue plain error, and we decline to construct an argument for her on appeal. *Ferrell v. Cole*, 2024-Ohio-3305, ¶ 13 (8th Dist.), citing *Dolbin v. Colahan*, 2023-Ohio-4536, ¶ 16 (8th Dist.), citing *O'Hara v. Ephraim*, 2018-Ohio-567, ¶ 13 (9th Dist.), citing *Adams v. Adams*, 2014-Ohio-1327, ¶ 6 (9th Dist.), and *Phillips v. Hostetler*, 2017-Ohio-2834 (9th Dist.).

{¶ 15} Given the foregoing, we find that Walthaw waived the issues she raises on appeal and we decline to find plain error. This is not the "extremely rare case" in which exceptional circumstances exist warranting application of the plain-error doctrine in order to prevent a manifest miscarriage of justice. *Goldfuss* at 121. Rather, the housing court limited its review to the magistrate's decision and found in Seminole's favor.

{¶ 16} Therefore, the sole assignment of error is overruled.

{¶ 17} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, A.J., and
EILEEN T. GALLAGHER, J., CONCUR