[Cite as *Strassini v. Strassini*, 2012-Ohio-5269.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

REBECCA A. STRASSINI

    Plaintiff

    v.

GIOVANNI STRASSINI

    Appellant

    and

PHYLLIS AND THOMAS MAYBERRY

    Appellees

C.A. No.     26038

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2000-11-11547

DECISION AND JOURNAL ENTRY

Dated: November 14, 2012

BELFANCE, Judge.

**{¶1}** Appellant Giovanni Strassini appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which overruled his objections to a magistrate's decision and entered judgment accordingly. For the reasons set forth below, we affirm.

I.

**{¶2}** This action began in November 2000, when Rebecca Strassini, now deceased, filed a complaint seeking a divorce from Mr. Strassini. The two were married in 1995 and had one child born of the marriage, P.S., in 1996. Prior to the divorce, Ms. Strassini and Mr. Strassini lived in North Carolina; however, Ms. Strassini moved to Ohio to live with her family

in February 2000, because Mr. and Ms. Strassini lost all of their property in bankruptcy and foreclosure proceedings. The record evidences that Mr. Strassini had a fairly lengthy criminal history, and in fact, at the time the divorce decree was entered in 2001, he was serving a prison sentence in a federal prison in North Carolina. In the divorce decree, the court designated Ms. Strassini as the residential parent and legal custodian of P.S.

{¶3} Ms. Strassini died unexpectedly in May 2009. Through juvenile court proceedings, the maternal grandparents were awarded temporary custody of P.S. In June 2010, P.S.' maternal grandparents filed a motion to intervene in the instant action and sought custody of P.S. The Juvenile Court had dismissed the action before it concluding it was properly heard in the Domestic Relations Division. Mr. Strassini, appearing pro se, opposed the motion.

{¶4} The matter was scheduled for hearing on March 28, 2011. The magistrate issued a decision on May 18, 2011. According to the decision, the parties reached an agreement which is reflected in the decision. The maternal grandmother was designated as the residential parent and legal custodian of P.S., and Mr. Strassini was to receive companionship time as agreed to between Mr. Strassini and P.S. Mr. Strassini was ordered to pay $700 per month in child support. That same day, the trial court adopted the magistrate's decision.

{¶5} Subsequently, on June 1, 2011, Mr. Strassini filed objections to the magistrate's decision, essentially asserting that the decision did not reflect the agreement of the parties. He filed supplemental objections on June 6, 2011, which reiterated the same arguments and challenged the child support figure. Notably, Mr. Strassini did not file a copy of the transcript of the hearing before the magistrate. On June 28, 2011, the trial court issued an entry, inter alia, overruling Mr. Strassini's objections, designating the maternal grandmother as the residential parent and legal custodian of P.S., and ordering Mr. Strassini to pay $700 in child support. The

trial court noted that Mr. Strassini failed to file a transcript of the hearing before the magistrate; thus, the trial court accepted the magistrate's findings of fact. *See* Civ.R. 53(D)(3)(b)(iii). Mr. Strassini now appeals, pro se, from that entry. No Appellees' briefs have been filed in this matter.

## II.

### ASSIGNMENTS OF ERROR

THE TRIAL COURT ERRED BY NOT ORDERING THE ENTIRE TRANSCRIPTS TO BE PREPARED TO SHOW HOW THE MAGISTRATE DID NOT INCLUDE ALL THE AGREEMENTS BETWEEN THE 2 PARTIES. THE TRIAL COURT ALSO ERRED BY STARTING THE CHILD SUPPORT A YEAR EARLIER THAN AGREED UPON. THE TRIAL COURT ALSO ERRED BY NOT GIVING THE FATHER EQUAL CUSTODY AND THE THIRD[-]PARTY INTERJECTOR RESIDENTIAL CUSTODY ONLY. THE TRIAL COURT ERRED BY BEING BIASED TO THE THIRD[-]PARTY INTERJECTOR AND NOT CONSIDERING THEIR [SIC] OWN COURT ORDERED ASSESSMENT OF THE FATHER WHICH FOUND THE FATHER TO BE FIT AND DESERVED CUSTODY OF HIS SON. THE TRIAL COURT ERRED BY DISMISSING THE FATHER'S CONTEMPT MOTION FOR THE WRONGFUL AND NON[-]EXISTENT REASON USED OF FATHER INTENDING THE SIGNED AGREEMENT TO BE [THE] BASIS FOR THE REAL AND CLAIMED CONTEMPT OF THE THIRD[-]PARTY INTERJECTORS. THERE ARE MANY MORE ERRORS THAT CAN BE SHOWN AT THE ORAL ARGUMENTS.

{¶6} Mr. Strassini makes several arguments, most concerning whether the agreement of the parties was reflected in the magistrate's and trial court's entries. Many of Mr. Strassini's arguments are difficult to follow. *See* App.R. 16(A)(7).

{¶7} There is no dispute that a transcript of the March 28, 2011 hearing before the magistrate was not filed in the trial court prior to the trial court ruling on Mr. Strassini's objections on June 28, 2011. In fact, the transcript was not filed in the trial court until August 23, 2011, after the matter had been appealed. Mr. Strassini's objections essentially asserted that the magistrate's decision did not reflect the parties' agreement.

{¶8}   Civ.R. 53(D)(3)(b)(iii) provides, in part, that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."  This Court has previously stated that:

> [t]he duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision.  Without a transcript of the hearing, [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact.  It follows that [the appellate court] must do the same.

(Internal quotations and citations omitted.)  *Walker v. Lou Restoration,* 9th Dist. No. 26236, 2012-Ohio-4031, ¶ 6.

{¶1}   In order for the trial court to determine if the magistrate accurately reflected the parties' agreement as it was discussed at the hearing, the trial court would need to be able to review the transcript of that hearing.  We note that the trial court erroneously ruled on Mr. Strassini's objections several days prior to the thirty-day window for the filing of transcripts.  Civ.R. 53(D)(3)(b)(iii).  However, Mr. Strassini has not assigned this as error on appeal.  Instead, as is reflected by Mr. Strassini's stated assignment of error, he suggests that the trial court erred because it failed to order the transcripts for him.  Thus, it is apparent that, had the trial court ruled several days later in conformance with Civ.R. 53(D)(3)(b)(iii), the trial court would not have had a transcript of the proceedings given Mr. Strassini's belief that the trial court should have provided it.  Therefore, any error by the trial court in ruling several days prior to the expiration of the thirty-day window appears harmless, as Mr. Strassini never sought and filed the transcript in the trial court in support of his objections.  *See* Civ.R. 61.  Instead, he obtained the transcripts well after the thirty-day window expired, after filing his notice of appeal.

**{¶2}** As the transcript was not filed in the trial court prior to it ruling on the objections, the trial court was required to "'presume regularity in the proceedings on any finding of fact made by the magistrate.'" *Walker,* 2012-Ohio-4031, at ¶ 7, quoting *Sliwinski v. Capital Properties Mgt., Ltd.,* 9th Dist. No. 25867, 2012-Ohio-1822, ¶ 9. Further, we cannot consider materials that were not available for the trial court to consider. *See id.* at ¶ 8. While Mr. Strassini asserts that "[s]ome law is being broken[,]" he does not cite to any law in support of his arguments. *See* App.R. 16(A)(7). Moreover, Mr. Strassini's arguments are undeveloped and unclear and appear to go beyond the scope of the matters before the trial court. *See Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). Given the above, and in light of the limited arguments Mr. Strassini makes on appeal, we overrule his assignments of error.

## III.

**{¶3}** The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

GIOVANNI STRASSINI, pro se, for Appellant.

DON LOMBARDI, Attorney at Law, for Appellees.