[Cite as *O'Hara v. Ephraim*, 2018-Ohio-567.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KATHRYN M. O'HARA | C.A. No.     28467 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FREDERICK J. EPHRAIM | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     2013-08-2158 |

DECISION AND JOURNAL ENTRY

Dated: February 14, 2018

CARR, Judge.

{¶1}    Appellant Frederick Ephraim ("Husband") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.  This Court affirms.

I.

{¶2}    Husband married Kathryn O'Hara ("Wife") on August 22, 2008.  Husband and Wife were married in Maryland but moved multiple times based upon Husband's employment. Two children were born of the marriage, J.E. (d.o.b. August 24, 2010) and A.E. (d.o.b. January 9, 2013).  In August 2013, Wife filed a complaint for divorce.  Husband answered and filed a counterclaim, also seeking a divorce.  At the time of the filing of the complaint, Wife had been living in Ohio since late 2012 and Husband was living in Maryland.  At the time of the hearing, Husband and Wife had been living separate and apart for a year without cohabitation.

{¶3}    Ultimately, the matter proceeded to a hearing before a magistrate.  On December 16, 2015, the magistrate issued a lengthy decision, granting the parties a divorce, which was

adopted by the trial court the same day. The magistrate noted that both children suffered from health issues. J.E. was diagnosed with traumatic brain injury, cognitive delays, physical delays, failure to thrive, seizures, severe expressive disorder, mild to severe receptive disorder, eating issues, and sleep disturbances. There was also testimony that J.E. was autistic and had severe behavioral problems. A.E. experienced gastrointestinal issues, failure to thrive, and delayed milestones. The entry stated that Wife was unable to work due to the disabilities of the two children and the around-the-clock care that they required. Additionally, the court found that the children were "unable to support themselves because of mental and physical disabilities to the extent of being incapable of maintaining themselves." *See Castle v. Castle,* 15 Ohio St.3d 279 (1984); *Ulery v. Ulery*, 86 Ohio App.3d 290 (9th Dist.1993). Wife was named the residential parent and legal custodian of the children and Husband was granted parenting time with the children.

{¶4} Husband's income was found to be $103,190.58 and Wife's was $0 for purposes of child support and spousal support. Husband was ordered to pay respite care and was ordered to pay child support in the amount of $2,497.33 per month, plus a processing charge. The trial court found that the amount of child support was in the best interests of the children based upon several factors in R.C. 3119.23. The entry also included a finding that child support would extend beyond the children's eighteenth birthdays. Wife was required to pay the first $100 per year towards each child's uninsured or unreimbursed health care costs. Costs above that amount were apportioned equally between Husband and Wife, with credit to Husband for any cash medical support ordered for any month the children were not Medicaid recipients.

{¶5} The trial court found, after considering the factors in R.C. 3105.18(C)(1), that continuing spousal support was appropriate and reasonable, and awarded Wife $615.33 in

spousal support per month. However, the trial court also found that spousal support would be subject to further order of the court and reserved jurisdiction to make modifications under certain circumstances.

{¶6} Husband filed three brief, general objections to the magistrate's decision and indicated that he would supplement them following the filing of the transcript. Several months later, Wife filed a motion to dismiss Husband's objections. In the motion, Wife noted that, since the filing of objections, Husband had switched attorneys a couple of times, and that, as of the filing of her motion, the transcript had still not been filed. Additionally, Wife pointed to issues with the timing of the filing of the praecipe and the deposit. From the record, it appears that there may have been a hearing on the motion, although that is unclear because there is no ruling on the motion in our record, nor is there a transcript of that hearing. Nonetheless, on December 15, 2016, the trial court issued an entry stating that the matter was before it on the objections of Husband filed December 22, 2015. The court stated that it had "reviewed the docket, the pleadings and transcript[,]" adopted the decision of the magistrate, and overruled the objections.

{¶7} Husband has appealed, raising three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN FINDING BOTH CHILDREN WERE *CASTLE* CHILDREN.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT ORDERED AN UPWARD DEVIATION AND FOR APPELLANT TO PAY OUT OF POCKET EXPENSES FOR THE MINOR CHILDREN.

{¶8} Husband argues in his first assignment of error that the trial court erred in finding both children to be *Castle* children. Specifically, Husband argues Wife failed to present

sufficient evidence to establish that the children were mentally or physically disabled and that they were incapable of supporting or maintaining themselves. Husband argues in his second assignment of error that the trial court erred in ordering both an upward deviation of child support and in ordering Husband to pay respite care and out of pocket expenses of the children.

{¶9} Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 17. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18.

{¶10} A party may challenge a magistrate's decision by filing objections thereto. Civ.R. 53(D)(3)(b). "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

{¶11} Further, "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." Civ.R.

53(D)(3)(b)(iii). "Without a transcript of the hearing, [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact. It follows that [the appellate court] must do the same." (Internal quotations and citations omitted.) *Stewart v. Hickory Hills Apts.*, 9th Dist. Medina No. 14CA0038-M, 2015-Ohio-5046, ¶ 11.

{¶12} In the instant matter, Husband filed three objections to the magistrate's decision. The objections were as follows: (1) "[T]he Chief Magistrate misinterpreted the standard of law in determining that the minor children in this matter be designated *Castle* children[;]" (2) "the Court inappropriately recommended that [Wife] receive indefinite spousal support despite a finding that the length of the parties' marriage was only six years and one month[;]" and (3) "the allocation of debts, award of attorneys' fees, requirement of whole or term life insurance benefitting [Wife], and other impositions of financial obligations, were made without regard for their affordability, in light of the limited financial resources of [Husband]."

{¶13} We conclude that Husband failed to preserve the arguments he has raised in his first two assignments of error. Husband's first objection to the magistrate's decision appears to challenge the standard of law the magistrate applied in finding the children to be *Castle* children, not the quantity or quality of the evidence submitted to support the finding made by the magistrate. On appeal, Husband essentially challenges whether there was sufficient evidence to support that the children were *Castle* children. Thus, Husband has forfeited the issue he now raises. Further, Husband has not argued plain error on appeal, and we decline to construct an argument for him. *See Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6; *see also Phillips v. Hostetler*, 9th Dist. Summit No. 28397, 2017-Ohio-2834, ¶ 17.

{¶14} In his second assignment of error, Husband challenges the trial court's decision to order upward deviation of child support along with an order that he pay certain other expenses. Husband claims such is an order to "pay child support twice[.]" None of Husband's objections mention child support or related payments. While Husband argues that his third objection addresses this issue, we are not persuaded. Husband's third objection alleged that "the allocation of debts, award of attorneys' fees, requirement of whole or term life insurance benefitting [Wife], and other impositions of financial obligations, were made without regard for their affordability, in light of the limited financial resources of [Husband]." Even if we were to conclude that Husband's challenge to "other impositions of financial obligations" somehow challenged child support and related expenses, Husband only challenged them with respect to his ability to afford them, not with respect to whether the trial court's upward deviation combined with an order to pay additional expenses amounted to an order that Husband "pay child support twice." Husband's argument on appeal does not discuss any affordability concerns, and instead appears to address general fairness concerns. Accordingly, Husband has not preserved this argument for appeal, and as he has not argued plain error, we overrule it on that basis. *See Adams* at ¶ 6; *Phillips* at ¶ 17.

{¶15} Further, even if we were to conclude that Husband's objections preserved the arguments he now makes, or if we were to consider his argument for plain error, Husband did not file a transcript of the magistrate's hearing in the trial court prior to the trial court ruling on the objections. *See* Civ.R. 53(D)(3)(b)(iii). Accordingly, even though the trial court stated that it considered the transcript, the transcript was not properly before the trial court. *See* Civ.R. 53(D)(3)(b)(iii) ("The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of

the transcript or other good cause."). The trial court was instead required to "presume regularity in the proceedings on any finding of fact made by the magistrate." (Internal quotations and citations omitted.) *Strassini v. Strassini*, 9th Dist. Summit No. 26038, 2012-Ohio-5269, ¶ 2. Moreover, as the transcript was not available for the trial court to consider in ruling on the objections, this Court cannot consider it either. *See id.* Given the foregoing, Husband has not demonstrated that the trial court erred.

{¶16} Husband's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT SPOUSAL SUPPORT SHOULD BE CONTINUOUS AND FAILED TO DESIGNATE A SPECIFIC DATE FOR TERMINATION.

{¶17} Husband argues in his third assignment of error that the trial court erred in determining that spousal support should be continuous and in failing to designate a termination date.

{¶18} While Husband did raise this issue in his objections to the magistrate's decision, Husband has failed to demonstrate the trial court abused its discretion in overruling his objection. As noted above, Husband failed to file the transcript of the magistrate's hearing in the trial court prior to the trial court ruling on the objections. *See* Civ.R. 53(D)(3)(b)(iii). Thus, the transcript was not properly before the trial court, *see id.*, and the trial court was required to accept the magistrate's factual findings. *Stewart*, 2015-Ohio-5046, at ¶ 11. Husband's argument on appeal clearly necessitates review of the transcript; a review which this Court cannot conduct under the circumstances. *Strassini*, 2012-Ohio-5269, at ¶ 2. Given the foregoing, Husband has not demonstrated that the trial court abused its discretion in overruling Husband's objection.

{¶19} Husband's third assignment of error is overruled.

III.

**{¶20}** Husband's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

APPEARANCES:

KENNETH M. CRISLIP, Attorney at Law, for Appellant.

RACHEL A. KOPEC, Attorney at Law, for Appellant.

DEAN S. HOOVER, Attorney at Law, for Appellee.