[Cite as *Lumbog v. Suansing*, 2019-Ohio-1871.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LECADIA LUMBOG

    Appellant

    v.

FERNANDO SUANSING

    Appellee

C.A. No.     29135

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2017-05-1449

DECISION AND JOURNAL ENTRY

Dated: May 15, 2019

---

TEODOSIO, Presiding Judge.

{¶1}    Lecadia Lumbog appeals the entry of the Summit County Court of Common Pleas, Domestic Relations Division, overruling her objections to the magistrate's decision. We affirm.

I.

{¶2}    In May 2017, Ms. Lumbog filed for a divorce from Fernando Suansing. In May 2018, the matter proceeded to a hearing before the magistrate, who issued a decision determining that a divorce should be granted, with provisions for the division of property, spousal support, and child support. The magistrate's decision was filed on May 31, 2018, and that same day the trial court adopted the decision pursuant to Civ.R. 53(D)(4)(b) and entered judgment. The trial court's judgment noted that objections were to be filed within fourteen days.

{¶3}    On June 15, 2018, Ms. Lumbog filed her objections to the magistrate's decision. Mr. Suansing filed a motion to dismiss the objections as untimely. On July 11, 2018, the trial

court issued a ruling on objections, concluding that any objections had to be filed on or before June 14, 2018, and overruling Ms. Lumbog's objections as untimely.

{¶4} Ms. Lumbog now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT [ERRED] IN COMPUTING THE TIME ALLOWED IN CIV.R. 53(D)(3)(b)(i) AND SUMMIT COUNTY LOCAL RULE 27.04 BY FAILING TO ADD THREE DAYS FROM THE DATE OF MAILING AND INCLUDING THE DAY OF THE ACT FROM THE DESIGNATED PERIOD OF TIME IN VIOLATION OF [CIV.R. 6(A)] AND (D).

{¶5} In her assignment of error, Ms. Lumbog argues the trial court erred in calculating the time period allowed for filing her objections to the magistrate's decision. We disagree.

{¶6} Civ.R. 53(D)(3)(b) provides:

Objections to Magistrate's Decision.

(i) Time for Filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

Likewise, Loc.R. 27.04(A) of the Court of Common Pleas of Summit County, Domestic Relations Division, provides: "Objections to a magistrate's decision shall be filed and served upon the opposing party within 14 days after the date the decision is filed."

{¶7} In the case before us for review, the magistrate's decision was filed on May 31, 2018. This fact is undisputed by Ms. Lumbog. The fourteenth day after the filing of the magistrate's decision was June 14, 2018. Under both Civ.R. 53(D)(3)(b)(i) and Loc.R. 27.04(A)

of the Court of Common Pleas of Summit County, Domestic Relations Division, objections to the magistrate's decision were due on or before June 14, 2018.

{¶8} Ms. Lumbog contends that Civ.R. 6(A) and (D) should be applied in order to extend this deadline. Civ.R. 6(A) provides, in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

Ms. Lumbog fails to show how the trial court misapplied this rule in its calculation. The "day of the act" in question was the filing of the magistrate's decision on May 31, 2018. That day was not included in the fourteen-day period. The first day of the fourteen-day period was June 1, 2018, and correspondingly, the fourteenth day was June 14, 2018. We find no error in this calculation.

{¶9} Civ.R. 6(D) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period.

Ms. Lumbog argues that the trial court should have added three days, pursuant to Civ.R. 6(D), to the fourteen-day period for filing objections. Neither Civ.R. 53(D)(3)(b)(i) nor Loc.R. 27.04(A) of the Court of Common Pleas of Summit County, Domestic Relations Division, required Ms. Lumbog to "do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party." Civ.R. 6(D) applies only where the period for filing begins after the service of notice, and notice is served by mail. *See Pogacsnik v. Jewett*, 9th Dist. Lorain No. 91CA005216, 1992 WL 181011, *2. The time period for the filing of objections under both Civ.R. 53(D)(3)(b)(i) and Loc.R. 27.04(A) of the Court of Common Pleas of Summit

County, Domestic Relations Division, is premised upon the *filing* of the magistrate's decision; it is not premised upon the service of notice or the mailing of the decision. The addition of three days pursuant to Civ.R. 6(D) is therefore inapplicable.

{¶10} We conclude the trial court did not err in calculating the time period allowed for the filing of objections to the magistrate's decision and in determining that Ms. Lumbog's objections to the magistrate's decision were untimely. Ms. Lumbog's assignment of error is overruled.

### III.

{¶11} Ms. Lumbog's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

TONY DALAYANIS, Attorney at Law, for Appellant.

ERIC SKIDMORE, Attorney at Law, for Appellee.