[Cite as *Haddox v. Haddox*, 2020-Ohio-4673.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TANYA HADDOX

     Appellee/Cross-Appellant

v.

JEREMY HADDOX

     Appellant/Cross-Appellee

C.A. Nos.      29582
                    29588

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2015-04-1127

DECISION AND JOURNAL ENTRY

Dated: September 30, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant/Cross-Appellee, Jeremy Haddox, and Plaintiff-Appellee/Cross-Appellant, Tanya Haddox, separately appeal the judgment of the Summit County Domestic Relations Court adopting a magistrate's decision. We affirm.

I.

{¶2} Jeremy Haddox and Tanya Haddox are the biological parents of N.H. In April 2015, Ms. Haddox and the Summit County Child Support Enforcement Agency (CSEA) filed a complaint for contempt for non-payment of child support against Mr. Haddox. The complaint was based upon an administrative order for child support in the amount of $146.12 per month, effective October 22, 2010. The domestic relations court found Mr. Haddox in contempt of court in a March 21, 2016 judgment entry. In the order, the court designated an initial purge period of six months beginning August 1, 2015. The trial court subsequently extended Mr. Haddox's purge period and set a purge hearing date of August 12, 2016. On August 19, 2016, a magistrate ordered CSEA to

prepare a capias for Mr. Haddox based on his failure to appear at the purge hearing. The magistrate issued that capias on October 18, 2016.

{¶3} Mr. Haddox voluntarily appeared in court on August 4, 2017, and the magistrate vacated the capias that same day. The trial court then issued a judgment entry on August 14, 2017, adopting a magistrate's decision granting CSEA's request to excuse Mr. Haddox from further efforts to purge the contempt due to a physical disability. The trial court's order also included a statement that "[Mr. Haddox] is cautioned that purging the contempt does not excuse future non-compliance with [the trial c]ourt's orders."

{¶4} On November 7, 2017, CSEA filed a new motion for contempt against Mr. Haddox for non-payment of child support. That motion alleged Mr. Haddox was in contempt for failing to comply with the domestic relations court's order issued March 21, 2016, for failing to pay child support in the amount of $169.44 as current support and an additional $20 per month arrearages, resulting in a total arrearage amount of $7,067.01 as of September 30, 2017. CSEA amended its motion on March 23, 2018 to correct a typographical error. The matter came for a hearing before a magistrate on October 30, 2018, November 28, 2018, and January 9, 2019. On January 22, 2019, the magistrate found Mr. Haddox in contempt of court, and issued conditions to purge the contempt. Mr. Haddox filed objections to the magistrate's decision on February 4, 2019.

{¶5} Ms. Haddox filed cross-objections to the magistrate's decision on February 13, 2019. Mr. Haddox filed a motion to strike the exhibits attached to Ms. Haddox's objections. The trial court granted Mr. Haddox's motion to strike the exhibits and overruled Ms. Haddox's objections as untimely in an order filed March 7, 2019.

{¶6} On October 4, 2019, the trial court issued a judgment entry overruling Mr. Haddox's objection to the magistrate decision. In the same entry, the trial court determined it had

improperly overruled Ms. Haddox's objections as untimely and proceeded to review her objections on the merits. Nonetheless, the trial court again overruled Ms. Haddox's objections. The trial court adopted the magistrate's decision finding Mr. Haddox in contempt of court.

{¶7} Mr. Haddox filed a timely notice of appeal on November 1, 2019, raising one assignment of error for our review. Ms. Haddox filed a timely cross-appeal on November 12, 2019, raising two assignments of error for our review. This Court consolidated the appeals.

II.

### Jeremy Haddox's Assignment of Error

**The trial court committed reversible error in finding that [Mr. Haddox] was properly found in contempt of court for failing to pay child support after he was previously found physically disabled to work in violation of the doctrine of res judicata and the law of the case doctrine.**

{¶8} In his sole assignment of error, Mr. Haddox contends that the trial court erred when it adopted the magistrate's decision finding him in contempt for failure to pay child support because such a finding was barred by the doctrines of res judicata and law of the case. Because Mr. Haddox failed to preserve this argument for appeal, we decline to address it.

{¶9} Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(ii) requires objections to magistrate's decisions to state with particularity all grounds for objection.

{¶10} In this case, Mr. Haddox's objected to the magistrate decision on the basis that there had not been a "change in circumstances to warrant another contempt motion or a finding of contempt." Mr. Haddox asserted in his memorandum in support of his objection that CSEA had

not presented sufficient evidence to meet the clear and convincing evidence standard required in a civil contempt proceeding and that the magistrate's decision was against the manifest weight of the evidence.

{¶11} Based on our review of Mr. Haddox's objections to the magistrate's decision, we conclude that Mr. Haddox failed to preserve the issues he now raises on appeal. Thus, Mr. Haddox has forfeited all but plain error. Because Mr. Haddox has not argued plain error, we decline to construct an argument for him. *See O'Hara v. Ephraim*, 9th Dist. Summit No. 28467, 2018-Ohio-567, ¶ 13.

{¶12} Mr. Haddox's sole assignment of error is overruled.

### Tanya Haddox's Assignment of Error I

**The trial court committed prejudicial error by modifying its child support order without the matter being before it for consideration after refusing to consider relevant evidence and without a change in circumstances warranting such modification.**

### Tanya Haddox's Assignment of Error II

**The trial court abused its discretion by not ordering Jeremy [Haddox] to pay [Tanya Haddox's] attorney fees.**

{¶13} In her first assignment of error, Ms. Haddox contends that the trial court erred by modifying the child support order. In her second assignment of error, Ms. Haddox asserts that the trial court erred by not awarding her attorney's fees. Because Ms. Haddox failed to preserve these arguments for appeal, we decline to address them.

{¶14} As we stated in addressing Mr. Haddox's assignment of error above, except for a claim of plain error, a party may not assign as error on appeal a trial court's adoption of any factual finding or legal conclusion in a magistrate's decision "unless the party has objected to that finding

or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). Civ.R. 53(D)(3)(b)(ii) requires objections to magistrate's decisions to state with particularity all grounds for objection.

{¶15} Ms. Haddox stated her objections to the magistrate's decision as follows: (1) "[t]he [m]agistrate committed error by allowing a note from a physician's assistant to be admitted as evidence of medical opinion without supporting testimony from a qualified medical professional[;]" (2) [t]he [m]agistrate committed error by conducting an evidentiary hearing on August 4, 2017, without notifying me and filing a [d]ecision that the [c]lerk must have sent to the wrong address and by excluding [Mr. Haddox]'s contemptuous behavior prior to August 14, 2017[,] from subsequent hearings[;]" (3) [t]he [m]agistrate committed error by allowing [Mr. Haddox] to relitigate his false claim of being totally disabled[;]" (4) [t]he [m]agistrate committed error by not permitting evidence to impeach the credibility of [Mr. Haddox]'s testimony and contradict evidence contained in [Mr. Haddox]'s Social Security Administration records[;]" (5) [t]he [m]agistrate's [d]ecision is not appropriate given the evidence that was available to the [trial c]ourt."

{¶16} Based on our review of Ms. Haddox's objections to the magistrate's decision, we conclude that Ms. Haddox failed to preserve the issues she now raises on appeal. Although Ms. Haddox has forfeited all but plain error, she has not raised a plain error argument on appeal, and we decline to construct an argument for her. *See O'Hara*, 2018-Ohio-567, at ¶ 13.

{¶17} Ms. Haddox's assignments of error are overruled.

III.

{¶18} Mr. Haddox's sole assignment of error is overruled. Ms. Haddox's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee and Appellee/Cross-Appellant equally.


JULIE A. SCHAFER
FOR THE COURT


HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant/Cross-Appellee.

TANYA M. HADDOX, pro se, Appellee/Cross-Appellant.

DAVID HITSMAN, Attorney at Law, for Appellee.