[Cite as *Eggleston v. Wood*, 2024-Ohio-5428.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JEDDA K. EGGLESTON

    Appellee

    v.

CHRISTIAN WOOD

    Appellant

C.A. No.    24CA012085

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21JG61861

DECISION AND JOURNAL ENTRY

Dated: November 18, 2024

HENSAL, Judge.

{¶1}    Christian Wood appeals a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that adopted a magistrate's decision and its denial of his motion for leave to file objections to the magistrate's decision. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Wood is the father of a child who was born in 2021. After the mother of the child filed a complaint for support, Father filed a motion to establish visitation and child support. Following a hearing before a magistrate, the magistrate issued a decision on December 13, 2023, that ordered Father to pay $25,000 a month in child support. The trial court adopted the magistrate's decision that same day.

{¶3}    On December 28, 2023, Father attempted to file objections to the magistrate's decision. He also filed a motion for leave to object to the decision. In his motion, Father stated his understanding that the objections would be due on January 3, 2024, but that he requested until

January 16, 2024, to file objections because his attorney's office had been closed because of the holidays, because his attorney had previously scheduled an out-of-state trip, and because his attorney had only received the transcript of the hearing the previous day. He filed more objections on January 8, 2024, and requested additional time to file supplemental objections. On January 12, 2024, Father filed a motion for leave to file a supplemental brief to his objections. The trial court denied Father's motion for leave to object because it determined that Father had only had until December 27 to file objections. It dismissed the objections he filed on January 8. It also affirmed that the magistrate's decision was an order of the court. Father has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DISMISSING FATHER'S OBJECTIONS AS UNTIMELY.

{¶4}  In his first assignment of error, Father argues that the trial court incorrectly calculated that his objections were untimely. Father notes that, under Civil Rule 53(D)(3)(b)(i), he had fourteen days after the magistrate issued his decision to file objections. Father also notes that the date that the decision was issued is not counted. Father argues that, because the decision was mailed to him, he had an additional three days under Rule 6(D). After accounting for weekends and holidays, Father argues that his objections were not due until January 2, 2024. The objections that he filed on December 28, therefore, were timely and should have been considered on their merits.

{¶5}  Father notes that the trial court cited the juvenile rules when ruling on his objections even though he believes the civil rules applied. He acknowledges, however, that the rules are functionally identical. We, therefore, will apply the civil rules. Rule 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing

of the decision, whether or not the court has adopted the decision during that fourteen-day period[.]" As Father has noted, the time begins to run on the day after the decision was entered. Accordingly, because the magistrate entered his decision on December 13, Father had until December 27 to file timely written objections.

{¶6} Regarding whether Father was entitled to three extra days because the decision was mailed to him, Rule 6(D) provides that "[w]henever a party has the right or is required to do some act . . . within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail . . . , three days shall be added to the prescribed period." The flaw in Father's argument is that Rule 53(D)(3)(b)(i) does not provide a party with the right to do "some act . . . within a prescribed period after the service of a notice[.]" *Id*. Instead, he had the right to file objections "within fourteen days of the filing of the decision[.]" Civ.R. 53(D)(3)(b)(i). Because a party's right to object is triggered by the filing of the decision, not its service, this Court has determined that Rule 6(D) does not extend the time in which to object to a magistrate's decision. *Lumbog v. Suansing*, 2019-Ohio-1871, ¶ 9 (9th Dist.).

{¶7} Because Rule 53(D) provides only 14 days to file written objections and Rule 6(D) does not extend the period, we conclude Father had until December 27, 2023, to submit his objections to the magistrate's decision. The trial court, therefore, did not err when it determined that the objections Father filed on December 28, 2023, were untimely. Father's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING AND/OR FAILING TO RULE UPON FATHER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL OBJECTIONS.

{¶8} In his second assignment of error, Father argues that the trial court incorrectly denied the motions for leave that he filed on December 28 and January 12. Rule 53(D)(3)(b)(iii) provides in relevant part that, if a party "files timely objections" before "the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." The trial court denied the motion for leave that Father filed on December 28, dismissed the objections that Father filed on January 8, and did not specifically rule on the motion for leave to file a supplemental brief that Father filed on January 12.

{¶9} The language of Rule 53(D)(3)(b)(iii) contains two requirements for parties who seek to file supplemental objections. First, the party must have filed timely objections to the magistrate's decision. Second, the party must have filed those objections before the date on which the transcript was prepared. Father did not meet either requirement. He did not file timely objections to the magistrate's decision, and he did not file his objections until after the transcript was prepared.[1] Accordingly, he has failed to establish that he was eligible for an extension of time under Rule 53(D)(3)(b)(iii).

{¶10} Father also notes that Rule 53(D)(5) provides a trial court with authority to allow a reasonable extension of time to file objections to a magistrate's decision "[f]or good cause shown[.]" He argues he had good cause for an extension because he did not receive the magistrate's decision by mail until December 22, 2023, and his counsel, thereafter, was out of town travelling for the holidays. Despite those conditions, he notes that he was able to submit objections by December 28, 2023.

---

[1] The transcript was not filed until January 3, 2024, but Father acknowledged he received it before filing his December 28 objections.

{¶11} In his motions for leave, Father did not request additional time to file his initial objections to the magistrate's decision. He only requested an extension of time to file supplemental objections. In addition, because the trial court had already entered judgment on December 13, it may not have had authority to grant a motion for extension of time after the 14-day deadline for filing objections expired. *See Napier v. Cieslak*, 2015-Ohio-2574, ¶ 6-10 (12th Dist.) (explaining that trial court could not permit untimely objections after "the magistrate's decision was adopted and already made a final judgment by the trial court."). Accordingly, upon review of the record, we conclude that Father has failed to establish that the trial court incorrectly denied his motions for leave. Father's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ORDERING FATHER TO PAY $25,000 PER MONTH IN CHILD SUPPORT.

{¶12} In his third assignment of error, Father challenges the merits of the trial court's child support order. Rule 53(D)(3)(b)(iv) provides, however, that, unless a party has objected to a finding of fact or conclusion of law, "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion[.]"

{¶13} As previously discussed, Father did not file timely objections to the magistrate's factual findings and conclusions of law regarding the amount of child support. Father, therefore, may not challenge the support amount on appeal. Although a party does not forfeit "a claim of plain error" when it fails to object to a magistrate's decision, Father has not argued plain error in his appellate brief, and we decline to construct an argument for him. Civ.R. 53(D)(3)(b)(iv); *Haddox v. Haddox*, 2020-Ohio-4673, ¶ 11 (9th Dist.). Father's third assignment of error is overruled.

6

III.

**{¶14}** Father's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

<u>APPEARANCES</u>:

CORINNE HOOVER SIX and RACHEL L. SMICK, Attorneys at Law, for Appellant.

JAMES V. BARILLA, Attorney at Law, for Appellee.