[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Eggleston v. Wood*, Slip Opinion No. 2025-Ohio-5292.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5292

EGGLESTON, APPELLEE *v.* WOOD, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Eggleston v. Wood*, Slip Opinion No. 2025-Ohio-5292.]**

*Civil procedure—Time for filing objections to magistrate's decision—Civ.R. 53(D)(3)(b)(i)—Civ.R. 6(D)—Civ.R. 6(D) does not extend time party has to object to a magistrate's decision that the clerk serves by United States mail or a commercial-carrier service—Court of appeals' judgment affirmed.*

(No. 2024-1791—Submitted October 7, 2025—Decided November 26, 2025.)

APPEAL from the Court of Appeals for Lorain County,

No. 24CA012085, 2024-Ohio-5428.

_____

KENNEDY, C.J., authored the opinion of the court, which FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined.

**KENNEDY, C.J.**

{¶ 1} In this discretionary appeal from a judgment of the Ninth District

Court of Appeals, this court considers whether Civ.R. 6(D) gives parties three additional days to object to a magistrate's decision under Civ.R. 53(D)(3)(b)(i) when the clerk of court sends the parties the decision by the United States Postal Service or a commercial-carrier service. We hold that the plain language of Civ.R. 6(D) does not give parties to whom the clerk mails a magistrate's decision an additional three days to file written objections. Therefore, the Ninth District's judgment is affirmed.

**Facts and Procedural History**

{¶ 2} In 2019, a photo of appellee, Jedda K. Eggleston, went viral on Twitter (now known as "X"), receiving over 7 million views worldwide. It also caught the attention of appellant, Christian Wood, who used social media to contact Eggleston, leading to a relationship. Eggleston and Wood dispute the length of their time together, but they ultimately had a child in January 2021.

{¶ 3} Later that year, Eggleston filed a complaint for child support in the Lorain County Court of Common Pleas, Domestic Relations and Juvenile Division, and Wood moved to establish visitation and child support. In September, the parties agreed to an interim child-support order of $5,000 a month backdated to July 1.

{¶ 4} In April 2023, a trial on the issues of visitation and child support was held before a magistrate. In December 2023, the magistrate issued a written decision ordering Wood to pay $25,000 a month for child support, backdated to January 2021, despite the magistrate's determination that the child-support schedule supported an order of $2,144.39 a month. The magistrate found that such an upward deviation was in the best interest of the child, considering the relative financial resources of the parents and the standard of living the child would have enjoyed if Eggleston and Wood "had stayed together to raise their son." *See* R.C. 3119.23(K) (when considering whether to grant a deviation from child-support schedule, court may consider "[t]he standard of living and circumstances of each

parent and the standard of living the child would have enjoyed . . . had the parents been married").

{¶ 5} On December 13, the magistrate filed his decision with the domestic-relations court's clerk, and the clerk mailed copies of it to the parties that day. On December 28, Wood filed written objections to the magistrate's decision. That same day, Wood also submitted a motion for leave to object to the magistrate's decision, in which he explained that he believed that objections were not due until January 2 and he requested leave until January 16 to submit them. On January 12, he moved for leave to file a supplemental brief in support of his objections.

{¶ 6} The trial court denied Wood's motions and found that under Juv.R. 40, he had 14 days to file objections to the magistrate's decision—that is, until December 27, not December 28.

{¶ 7} Wood appealed to the Ninth District, raising three assignments of error. Rather than focus on the Rules of Juvenile Procedure like the trial court did, he based his appeal on the parallel provisions of the Rules of Civil Procedure. Relevant here, Wood argued that the trial court had erred in dismissing his objections as untimely, reasoning that under Civ.R. 6(D), he had three additional days to object because the clerk mailed the magistrate's decision to him. The Ninth District held that Civ.R. 6(D) does not apply to a magistrate's decision mailed by a clerk's office, reasoning that the extension of time allowed under Civ.R. 6(D) is available when a party's time to respond is triggered by service of the document, not when the time to respond is triggered by the filing of the document, as is the case for filing objections to a magistrate's decision under Civ.R. 53(D)(3)(b)(i). 2024-Ohio-5428, ¶ 6-7 (9th Dist.). Therefore, the Ninth District determined that the 14 days Wood had to object to the magistrate's decision began to run the day after the magistrate filed his decision with the clerk and ended on December 27. *Id.* at ¶ 5-7.

{¶ 8} Wood appealed to this court, and we agreed to consider a single proposition of law: "The three (3) day extension provided in [Civ.R.] 6 for actions following the service of documents by U.S. Mail does apply to the time deadlines for objections to a magistrate's decision." *See* 2025-Ohio-857.

**Law and Analysis**

*Standard of Review*

{¶ 9} The issue whether Civ.R. 6(D) extends the time parties have to file an objection to a magistrate's decision is a question of law, so we review it de novo. *See State v. Hudson*, 2022-Ohio-1435, ¶ 19.

*Interplay between Civ.R. 6(D) and Civ.R. 53(D)*

{¶ 10} This court has previously stated that Civ.R. 6(D), formerly Civ.R. 6(E), does not extend the time to file an objection to a magistrate's decision. *Duganitz v. Ohio Adult Parole Auth.*, 2001-Ohio-1283, ¶ 7, citing *Pulfer v. Pulfer*, 110 Ohio App.3d 90, 92-93 (3d Dist. 1996); *see also* 2012 Staff Note to Civ.R. 6, 131 Ohio St.3d CXXXVI (observing that "[f]ormer Civ.R. 6(E) [is] now Civ.R. 6(D)").

{¶ 11} Textually, that holding still makes sense. Civ.R. 6 addresses the time that a party has to act. Civ.R. 6(D) states that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the *service* of a notice or other document upon that party and the notice or paper is *served* upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period." (Emphasis added.)

{¶ 12} Civ.R. 6(D) applies only when documents are served under Civ.R. 5(B)(2)(c) (stating that a document is served when it is mailed "to the person's last known address by United States mail, in which event service is complete upon mailing") or Civ.R. 5(B)(2)(d) (stating that a document is served when it is delivered "to a commercial carrier service for delivery to the person's last known

address within three calendar days, in which event service is complete upon delivery to the carrier").

{¶ 13} Civ.R. 53(D)(3)(b)(i), however, states that parties may file written objections to a magistrate's decision "within fourteen days of [its] *filing*." (Emphasis added.)

{¶ 14} "A document is 'filed' when it is deposited properly for filing with the clerk of courts." *Zanesville v. Rouse*, 2010-Ohio-2218, paragraph one of the syllabus, *vacated in part on reconsideration on other grounds*, 2010-Ohio-3754. The magistrate's decision was therefore "filed" when it was deposited with the domestic-relations court's clerk. *See id.*

{¶ 15} Because the time to file objections to a magistrate's decision is based on when the decision is *filed* with the clerk, not when it is *served* on the parties, Civ.R. 6(D) does not apply to the time for filing objections set forth in Civ.R. 53(D)(3)(b)(i). To apply here, Civ.R. 6(D) would have to use the term "filing"— not "service." *See Harvey v. Hwang*, 2004-Ohio-4112, ¶ 12. As such, Civ.R. 6(D) did not give Wood an additional three days to object to the magistrate's decision.

### Conclusion

{¶ 16} Civ.R. 6(D) does not extend the time a party has to object to a magistrate's decision that the clerk serves by United States mail or a commercial-carrier service. Accordingly, we affirm the Ninth District Court of Appeals' judgment.

Judgment affirmed.

_____

Hoover Kacyon, L.L.C., Corrine Hoover, Tad Orval Hoover, and Rachel L. Smick, for appellant.

_____